IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THADDEUS HOWELL, #303689 | : | |
| | : | |
| v. | : | CIVIL NO. L-05-535 |
| | : | |
| MEDICAL PROVIDER E.C.I. | : | |

**MEMORANDUM**

This is a § 1983 prisoner civil rights action. Pending is Defendant's Motion to Dismiss, or in the Alternative, Summary Judgment. Because the parties have fully briefed the issues, no oral argument is necessary. See Local Rule 105.6. For the reasons stated below, the Court will, by separate Order, GRANT the Motion for Summary Judgment.

**I.     Background**

*Pro se* plaintiff Thaddeus Howell ("Howell") alleges that for a three-month period from June 25, 2003, to September 24, 2003, the medical provider at the Eastern Correctional Institution ("ECI") failed to diagnose a fractured ankle properly. Howell further complains that his leg and foot remain swollen as a result of the original fracture and he has yet to receive proper treatment. Howell's complaint names the ECI Medical Provider as defendant in the case.[1]

It is undisputed that on June 25, 2003, Howell complained to medical personnel about swelling in his ankle and indicated that it was a longstanding problem. The Prison Health Services presented evidence indicating that bilateral edema (swelling) was found. An EKG and other lab tests revealed no cause for the edema, but there was, however, evidence of an old fracture and degenerative joint disease. Medical personnel explained the test results to Howell and he was told to: (i) elevate his legs when swelling occurred; (ii) avoid high impact activities that affect his ankle joints; and (iii) file sick-call

---

[1]     The Clerk is directed to amend the docket to substitute the name of Prison Health Services, Inc. for that of Defendant "E.C.I. Medical Provider."

requests when swelling occurred in order to obtain pain medication.  The Prison Health Services also provided support hose and an ankle brace.

**II**.    **Standard**

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party.  See Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

**III.**    **Analysis**

Defendant Prison Health Services, Inc. seeks dismissal, arguing that the Court lacks subject matter jurisdiction over Howell's tort claim and Howell has failed to state a claim against Prison Health Services, Inc.  Alternatively, it seeks summary judgment because the medical record demonstrates that Howell's complaint of a "deliberate indifference" violation of the Eighth Amendment is without factual support.  Because the Court finds that Howell has failed to meet his burden of establishing an Eighth Amendment medical violation, the Court does not reach consideration of the other grounds.

Howell claims that medical personnel failed immediately to diagnose his fractured ankle and have yet to provide him proper care for the continuing pain and edema of his foot and leg.  In order to succeed on an Eighth Amendment deliberate indifference claim, a plaintiff must first prove that he has a serious medical condition.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Shakka v. Smith, 71 F.3d 162, 166

(4th Cir. 1995). Second, the plaintiff must show that the defendant knew that there was a risk of harm if the condition did not receive treatment, but nonetheless ignored that risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994) (A plaintiff must prove that the health care provider "knows of and disregards an excessive risk to inmate health and safety; the [healthcare provider] must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Healthcare staff are not liable, however, if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844; see also Johnson v. Quinones, 145 F.3d at 167.

Assuming, *arguendo*, that Howell's medical problems constitute a serious condition, the Court finds that he has failed to satisfy the second element of his Eighth Amendment claim. The Prison Medical Service's evidence shows that on June 27, 2003, Howell was evaluated for a complaint of swelling to his feet. A physician's assistant found mild pitting to both feet and diagnosed bilateral edema. Lab and EKG results were normal. Howell was advised to keep his feet elevated. In response to a September 22, 2003 sick-call request, Howell was seen by a physician's assistant who found localized mild pitting over the ankle bone and a full range of motion. X-rays of both ankles were ordered and Tylenol was provided. The radiology reports revealed no current fracture or dislocations, but mild degenerative disease of the right medial ankle bone and an old avulsion fracture at the distal tip of the left lateral ankle bone. Howell was advised to avoid high impact activities.

Howell next complained about ankle or leg swelling in May of 2004. The person who examined Howell again found mild edema and ordered two pairs of knee high support hose for him. In response to further complaints related to leg swelling and chest pain in January of 2005, and leg swelling and pain in May of 2005, Howell was examined and blood work, x-ray, and EKG testing were performed. All results were normal and Howell was provided an ankle brace and Ibuprofen.

The medical record shows that: (i) Howell was seen for each complaint of ankle or leg swelling; and (ii) appropriate tests, support devices, and medication were provided for his ankle edema. Howell has offered no evidence to refute Defendant's materials. He fails to demonstrate either that health care personnel knew of a serious medical condition or that they knew the risk of harm if the condition was not treated and intentionally failed to provide care. Accordingly, there is no genuine issue of material fact, and the Court will, by separate Order, GRANT Defendant's Motion for Summary Judgment.

**IV.   Conclusion**

For the foregoing reasons, the Court will, by separate Order:

(i)   DIRECT the Clerk to AMEND the docket to substitute the name of Prison Health Services, Inc. for that of Defendant "E.C.I. Medical Provider.";

(ii)   GRANT Defendant's Motion for Summary Judgment;

(iv)   DIRECT the Clerk to CLOSE the case.

Dated this 22nd day of November, 2005.

/s/
_____
Benson Everett Legg
Chief Judge